UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUKANE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:23-cv-5664 |
| | ) | |
| THE CHARTER OAK FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Dukane Corporation, by its undersigned attorneys, the Merlin Law Group, for its

Complaint against Defendant, The Charter Oak Fire Insurance Company, states as follows:

## FACTS

1.      Plaintiff, Dukane Corporation ("Plaintiff"), is a Delaware and Illinois citizen, being

a Delaware corporation with its principal place of business in St. Charles, Illinois, and was and is

the owner of the commercial building located at 2900 Dukane Drive in St. Charles, Illinois ("the

Building").

2.      Defendant, The Charter Oak Fire Insurance Company ("Charter Oak"), is a

Connecticut citizen, being a Connecticut corporation with its principal place of business in

Hartford, Connecticut.

3.      This Court has subject matter jurisdiction over this matter pursuant to Title 28,

U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in

controversy exceeds $75,000.

4.      Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events

giving rise to the claim occurred in this judicial court. Additionally, Charter Oak does business

1

and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.      Charter Oak issued to Plaintiff a building-owners insurance policy effective from January 1, 2022, to January 1, 2023 ("the insurance policy"), a copy of which is attached as Exhibit A.

6.      Under the insurance policy, Charter Oak insured against direct physical loss of or damage to the Building caused by wind and hail damage and ensuing water damage.

7.      On or about September 18, 2022, while the insurance policy was in full force and effect, the roof and roofing components of the Building were damaged by wind and hail and the interior was impacted by ensuing water damage ("the loss").

8.      Plaintiff duly submitted a claim to Charter Oak for benefits under the insurance policy.

9.      Charter Oak acknowledged that the loss was covered under the insurance policy and issued payment to Plaintiff in the amount of $24,413.71, representing what it determined to be the actual cash value of the damage to the Building. The actual cash value payment was arrived at by Charter Oak by first estimating the replacement cost ($34,978.60), and then deducting an amount for pre-loss depreciation ($564.89) and applying the applicable deductible ($10,000.00). A copy of the estimate that Charter Oak based its actual cash value payment on is attached to the Complaint as Exhibit B.

10.      As set forth in the estimate attached to the Complaint as Exhibit C, prepared on behalf of Plaintiff by its public insurance adjuster Platinum Adjusters, Charter Oak's determination of the amount of the loss (a) fails to include all of the damage to the roofs of the Building caused by wind and hail; (b) fails to include the damage for ensuing water damage to the interior of the

Building; (c) includes pricing that is unreasonable and inadequate to replace the damage to the roof given there are at least two layers of existing roofing on the Building; and (d) fails to include the cost of a general contractor for the repair/replacement (the industry standard of 10% overhead and 10% profit).

11.     As reflected by the differences in their estimates, the parties disagree as to the amount of the loss to the Building, including, but not limited to, (a) the sections of the roof of the Building damaged by wind and hail; (b) the ensuing interior water damage; (c) the extent of the damage and the scope of work necessary to repair or to replace the damage given that there are at least two layers of existing roofing on the Building; (d) the pricing needed to perform the repair/replacement of the items that Charter Oak included in its estimate; and (e) whether the damage is extensive enough to require employing a general contractor.

12.     The insurance policy contains an "Appraisal" provision contained in the Deluxe Property Coverage Form (DX T1 00 11 12), as modified by Illinois Changes (IL T9 14 02 17), which provides as follows:

> **"G. LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common
> Policy Conditions – Deluxe:
>
> ***
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the
> amount of loss, either may make written demand for an
> appraisal of the loss. In this event, each party will select a
> competent and impartial appraiser. The two appraisers will
> select an umpire. If they cannot agree, either may request
> that selection be made by a judge of a court having
> jurisdiction. The appraisers will state separately the value of
> the property and amount of loss. If they fail to agree, they

will submit their differences to the umpire. A decision
agreed to by any two will be binding. Each party will:
**a.** Each party will pay its own appraiser and bear the other
expenses of the appraisal and umpire equally, except as
provided in **b.** below.
**b.** We will pay your appraiser's fee and the umpire's
appraisal fee, if the following conditions exist:
**(1)** You demanded the appraisal; and
**(2)** The full amount of loss, as set by your appraiser, is
agreed to by our appraiser or by the umpire.
If there is an appraisal, we will still retain our right to deny
the claim."

13.    On March 7, 2023, Plaintiff made a written demand for an appraisal based on its

disagreement with Charter Oak as to the amount of the loss.

14.    On June 9, 2023, Charter Oak responded to Plaintiff's appraisal demand, agreeing

to appraise Plaintiff's, loss but only under certain conditions. A copy of said correspondence is

attached as Exhibit D.

## <u>COUNT I</u>
### (Declaratory Judgment Relief)

15.    Plaintiff re-alleges paragraphs 1 through 14 of the Facts of the Complaint as

paragraph 15 of count I of the Complaint.

16.    Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable

controversy exists between Plaintiff and Charter Oak as to the amount of the wind and hail and

ensuing interior water damage loss, thus warranting appraisal as demanded by Plaintiff. This Court

is vested with the power to declare the rights and liabilities of the parties hereto and give such

other and further relief as may be necessary.

WHEREFORE Plaintiff, Dukane Corporation, prays that this Court enter and order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the
terms of the "Appraisal" provision in the insurance policy without conditions, to
determine the amount of the loss, which requires the appraisal panel to determine: the
damage to the Building caused by wind and hail; the ensuing damage to the interior of

the Building; the scope of the loss; the scope of repairing or replacing the damage; the cost of repairing or replacing the damage; and whether the damage is extensive enough to require employing a general contractor;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

## COUNT II
### (Breach of Contract)

17.     Plaintiff re-alleges paragraphs 1 through 14 of the Facts of the Complaint as paragraph 17 of count II of the Complaint.

18.     Plaintiff has substantially performed all post-loss duties required by the insurance policy to be performed by it, requested of it, and/or not waived by Charter Oak including, but not limited to (a) giving prompt notice of the loss; (b) cooperating with Charter Oak in its investigation of the loss; and (c) timely filing suit against Charter Oak.

19.     It is Charter Oak's duty to pay the amounts due and owed under the insurance policy for the covered loss, including the cost to repair/replace the damage to the Building.

20.     Although requested to do so, Charter Oak has failed and refused to pay for all the damage sustained by Plaintiff from the loss, including the cost to repair/replace the damage to the Building, thus breaching the insurance policy.

21.     Although requested to do so, Charter Oak also failed to participate in an appraisal without conditions to determine the amount of the loss for all of the damage to the Building caused by the wind and hail and ensuing interior water damage loss, further breaching the insurance policy.

22.     These breaches of the insurance policy were and are the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

23.     This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE Plaintiff, Dukane Corporation, prays for judgment in its favor and against Defendant, The Charter Oak Fire Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

**COUNT III**
**(Section 155 Relief)**

24.     Plaintiff re-alleges paragraphs 1 through 22 of count II of the Complaint as paragraph 24 of count III of the Complaint.

25.     At the time of the loss, Charter Oak's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

26.     Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Charter Oak's engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a)     failing to pay Plaintiff for the loss within 40 days of the loss, thus constituting an unreasonable delay in paying the loss and ensuing claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b)     failing to provide Plaintiff with a reasonable written explanation for the delay in resolving its loss and ensuing claim, after the claim remained unresolved for more than 75 days, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c)     failing to provide Plaintiff with a reasonable written explanation for the delay in resolving its loss and ensuing claim, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d)     failing to acknowledge with reasonable promptness pertinent communications regarding the loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 the Illinois Administrative Code;

(e)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(f)     refusing to pay for the covered wind and hail and ensuing interior water damage loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by its reliance upon the engineering firm Vertex, who proposed repairs which cannot be performed given the number of existing roofing layers on the Building;

(g)     ignoring the engineering report and findings prepared by The Roofing Engineers, which report was prepared on behalf of Plaintiff and documents extensive damage to the roof of the Building, which report was submitted to Charter Oak;

(h)     willfully and intentionally refusing to participate in an appraisal of the loss based on an unreasonable interpretation of the "Appraisal" provision in its insurance policy, an interpretation contrary to the manner in which numerous federal district courts in Illinois have interpreted an appraisal provision in a property insurance policy;

(i)     failing to consider the proper means and methods to repair the roof of the Building;

(j)     without proper cause, wrongfully and knowingly refusing to reimburse Plaintiff for all its covered wind and hail damage, as well as ensuing interior water damage, under the insurance policy;

(k)     failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

(l)     forcing Plaintiff to retain legal counsel to investigate the loss and ensuing claim and to prosecute this lawsuit to compel Charter Oak to participate in an appraisal and to recover all benefits that should have been immediately forthcoming under the insurance policy.

7

WHEREFORE Plaintiff, Dukane Corporation, prays for judgment in its favor and against Defendant, The Charter Oak Fire Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

**Plaintiff demands a trial by jury.**

/s/ Christina M. Phillips
Christina M. Phillips
Edward Eshoo, Jr.
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
cphillips@merlinlawgroup.com
eeshoo@merlinlawgroup.com
*Attorneys for Plaintiff*